# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1751 | **DATE** | 9/24/2004 |
| **CASE TITLE** | Murphy vs. Reliance Standard Life Insurance Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, plaintiff's motion to remand [4-1] to state court is denied. Defendant's motion to dismiss [2-1] is granted without prejudice to plaintiff's filing an amended complaint asserting his ERISA claim. Plaintiff is given leave to file an amended complaint in conformity with this opinion within 21 days. Defendant shall have 21 days to answer or otherwise plead. Status hearing is set for 11/18/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 27 2004 | |
| | Notified counsel by telephone. | | date docketed | 12 |
| | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/24/2004 | |
| MD | courtroom deputy's initials | 2004 SEP 24 PM 4:55  FILED | date mailed notice  MD  mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DENNIS B. MURPHY, M.D., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) No. 04 C 1751 |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This case is before the court on two related motions. Plaintiff, Dennis B. Murphy, M.D. ("Murphy"), filed a motion to remand this matter to the Circuit Court of Kane County, Illinois ("the state court"), contending that his complaint states claims arising only under Illinois law, and, therefore, removal to this court was improper. Defendant, Reliance Standard Life Insurance Company ("Reliance"), filed a motion to dismiss Murphy's complaint on the ground that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, preempts Murphy's claims.

On February 25, 2004, Murphy filed a three-count complaint against Reliance in the state court. According to the complaint, Reliance breached a settlement agreement to which both parties had agreed in order to resolve an earlier lawsuit filed by Murphy against Reliance pursuant to ERISA. Reliance timely removed the case to this court on the basis of federal question jurisdiction and then moved to dismiss the complaint. Murphy subsequently moved to remand the action. For the reasons stated herein, the court denies Murphy's motion to remand [#4] and grants Reliance's motion to dismiss [#2] without prejudice to Murphy's filing an amended complaint.



## BACKGROUND

After suffering a massive heart attack, Murphy filed a claim for long term disability benefits with Reliance. Reliance denied Murphy's claim and his subsequent administrative appeal, finding him ineligible because he was not totally disabled within the meaning of the insurance plan. Murphy then filed suit against Reliance in this court, Case Number 01 C 5149 ("the previous law suit"), contending that Reliance's denial of his claim for long term disability benefits violated ERISA. Neither party disputes that Murphy's claims in the previous lawsuit were governed by ERISA. (Pl. Exhibit B at ¶¶ 3, 22; Def. Memorandum in Opposition, P. 2).

The parties ultimately resolved the previous lawsuit by reaching an agreement that Reliance would pay Murphy a past total disability payment of $69,149.45, place Murphy on long term disability at a gross monthly benefit of $5,762.46[1], starting immediately and with a waiver of disability insurance premiums going forward, and continue Murphy's long term disability payments unless Reliance made a determination pursuant to the terms of the policy that Murphy was no longer disabled. As part of the agreement, Murphy dismissed his complaint against Reliance with the parties bearing their own costs and attorney's fees. The parties, however, dispute whether this agreement is a "settlement agreement." In his complaint in the present matter, Murphy states that his settlement proposals of September 6, 2001 and November 6, 2001 to Reliance and Reliance's response of November 7, 2001 created a binding contract that constituted a settlement of his claims in the earlier lawsuit. (Pl. Complaint at ¶ 24). Reliance disputes that a settlement agreement was ever reached, contending that Reliance instead approved Murphy's claim for benefits and Murphy

---

[1] Plaintiff's complaint and motion to remand refer to the gross monthly benefit amount as $5,760.46. However, the exhibits attached to Plaintiff's motion to remand show that the amount paid in gross monthly benefits was $5,762.46. (Pl. Exhibits H, I, J, K, L).

2

dismissed the lawsuit. (Def. Memorandum in Opposition, P. 2).

In either event, from November 2001 until November 2003, Reliance paid $5,762.46 in monthly long term disability benefits to Murphy. In November of 2003, however, Reliance claimed a "rehabilitation offset" of $2,564.31 from Murphy's $5,762.46 long term disability payment. Reliance also informed Murphy that he owed Reliance approximately $70,000 in previous rehabilitation offsets because Murphy had returned to work on a part-time basis in November of 2000. The parties continued to dispute the propriety of rehabilitative offsets and their amount, with Murphy contending that even if Reliance had an offset right under the terms of the disability insurance policy, which Murphy argues it did not by the terms of their agreement, Reliance improperly offset $62,224.00 from Murphy's long term disability payments. Murphy then sued in state court ("the pending law suit") for breach of contract and bad faith conduct, seeking a declaratory judgment that Reliance breached the agreement reached in the previous lawsuit and a preliminary injunction enjoining Reliance from continuing to breach the agreement.

## DISCUSSION

The motions before the court raise two related issues: whether removal of Murphy's complaint was proper, and whether ERISA preempts Murphy's state law claims. Resolving one issue also resolves the other. If ERISA completely preempts Murphy's state law claims, then removal was proper. If Murphy's state law claims are not preempted by ERISA, then removal was improper and this court must remand the action to state court.

Under 28 U.S.C. § 1441(b), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States. . . ." One type of civil action that is removable

3

is a "federal question" case – that is, one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Federal question jurisdiction is normally determined by reference to the plaintiff's well-pleaded complaint to see if it raises issues of federal law. *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995). The "well-pleaded complaint" rule allows the adjudication of cases in federal court only if the allegations in the plaintiff's complaint establish issues of federal law. Federal issues that arise solely as defenses to state law claims do not confer federal jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Instead, "[t]he issues raised in the plaintiff's complaint, not those added in the defendant's response, control the litigation." *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482 at 1486 (7th Cir. 1996).

The Supreme Court has created an exception to the "well-pleaded complaint" rule called the "complete preemption" or "implied preemption" doctrine.[2] *Speciale v. Seybold*, 147 F.3d 612, 615 (7th Cir. 1998)(citing *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S. Ct. 1235, 20 L. Ed. 2d 126 (1968)). Complete preemption allows a plaintiff's state law claim to be recharacterized as a federal claim so that removal is proper. *Id.* (citing *Lister v. Stark*, 890 F.2d 941, 943 (7th Cir. 1989)). The intent of Congress determines whether or not a cause of action has been completely preempted. *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 at 66, 107 S. Ct. 1542 at 1547-48, 95 L. Ed. 2d 55 (1987)). In *Taylor*, the Supreme Court extended the "complete

---

[2]Complete preemption, which is the issue here, is distinct from conflict preemption, on which the parties have relied for some of their authority. Conflict preemption, which is based on Section 514(a) of ERISA, "serves as a defense to state law action but does not confer federal question jurisdiction." *Id.* The Seventh Circuit has distinguished complete preemption from conflict preemption in that "'[c]omplete preemption' under § 502(a) encompasses all claims by a participant or beneficiary to enforce his rights under an ERISA plan whereas 'conflict preemption' under § 514(a) preempts any state law that may 'relate to' an ERISA plan, but is not a basis for federal jurisdiction." *Id.* (citing *Jass*, 88 F.3d at 1487-88). In other words, complete preemption under Section 502(a) creates federal jurisdiction while conflict preemption under Section 514(a) does not.

4

preemption" exception to ERISA cases. *Jass*, 88 F.3d at 1487. Following *Taylor*, the Seventh Circuit held that cases within the scope of Section 502(a) of ERISA are completely preempted.[3] *Rice*, 65 F.3d at 639-40.

Although in his previous law suit Murphy acknowledged that he was a participant in an employee benefits plan under ERISA pursuant to 29 U.S.C. § 1002(7),[4] he contends that his claims in the pending law suit are not completely preempted under Section 502(a) of ERISA. In order to determine whether Murphy's claims fall under Section 502(a), the court must consider three factors: (1) whether the plaintiff is eligible to bring a claim under Section 502(a), (2) whether the plaintiff's "claims fall within the scope of an ERISA provision that the plaintiff can enforce via § 502(a)," and (3) whether the plaintiff's "state law claim cannot be resolved without an interpretation of the contract governed by federal law." *Jass*, 88 F.3d at 1487 (citing *Rice*, 65 F.3d at 641, 644).

If Murphy's state law claims fall within the scope of Section 502(a), they are completely preempted regardless of how he has characterized them. *Id.* at 1488. This is because "a plaintiff cannot avoid complete preemption, and thereby 'deny a defendant access to federal court if the actual nature of the complaint is federal,'" *id.* (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993), "by artfully pleading a complaint so as to omit facts that indicate federal jurisdiction."

---

[3] Section 502(a) provides, in part:
(a) Persons empowered to bring a civil action
    A civil action may be brought –
    (1) by a participant or beneficiary –
        (A) for the relief provided for under subsection (c) of this section, or
        (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; . . .

[4] Pl. Exhibit B at ¶¶ 3, 21, 22.

5

*Id.* (quoting *Franchise Tax Bd. of Dir. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1 at 22, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). Thus, the issue this court must resolve is whether Murphy's state law claims are best recharacterized as a Section 502(a) claim to recover benefits due under the terms of the plan. *Taylor*, 481 U.S. at 64 (question is whether complaint that only raises state law causes of action is recharacterized properly as an action arising under federal law); *Jass*, 88 F.3d at 1489 (question is whether plaintiff's claim against defendant is really based on ERISA); *Rice*, 65 F.3d at 641 (question is whether plaintiff's claim against defendant is within the scope of Section 502(a), even though the complaint alleged only state common law contract and tort claims). Applying the *Jass* factors to the instant matter, it is clear that Murphy's claims against Reliance are more properly characterized as a Section 502(a) claim for denial of benefits.

First, Murphy is a "participant" in the employee benefits plan administered by Reliance and is entitled to file suit under Section 502(a). While Murphy now contends that he is bringing this action merely as a party to an individual contract and not as a plan participant, his previous lawsuit against Reliance was based on his status as a participant in an employee benefit plan. (Pl. Exhibit B at ¶ 21)( "As an employee physician, Dr. Murphy was a participant under ERISA pursuant to 29 U.S.C. § 1002(7) and eligible to receive benefits from Reliance's employee benefits plan as enjoyed by employee physicians similarly situated."). Clearly, Murphy has remained a participant in that plan as he receives long term disability benefits in accordance with that plan. Moreover, the fact that Murphy is eligible to receive long term disability benefits until Reliance makes a determination that he is no longer totally disabled under the policy further supports holding Murphy as a "participant" in the instant action. (Pl. Complaint at ¶ 23).

Second, while couching his claims in terms of seeking enforcement of a settlement agreement, Murphy has sought a declaration from this court that "Dr. Murphy is entitled to $5,760.46 in monthly [long term disability] payments from Reliance, that Dr. Murphy is entitled to $10,257.24 in past [long term disability] payments from Reliance for the months of November 2003 through February of 2004, and that Dr. Murphy does not owe any offset or past amounts due to Reliance." (Pl. Complaint at ¶ 41). Murphy's claims, in essence, seek to recover the long term disability benefits that he believes are owed to him, or, at very least, to clarify his rights to the amount of long term disability benefits to which he is entitled. At its most basic level, this suit challenges Reliance's administration of Murphy's long term disability benefits under an ERISA plan.

Third, although the parties dispute the existence of a settlement agreement and the amount of the gross monthly benefit ($5,760.46 (Pl. Complaint at ¶¶ 20, 23-24, 29-32, 36) or $5,762.46 (Pl. Exhibits H, I, J, K, L)), both parties appear to agree that the understanding reached in resolving the previous lawsuit included payment of a "gross monthly benefit" to Murphy. (Pl. Complaint at ¶¶ 20, 23). What Murphy *nets* from that gross monthly benefit is not defined, however. Instead, even if this court accepts as true Murphy's argument that the parties entered into a binding contract to settle the previous lawsuit, it remains necessary to look to the terms of the policy in order to determine whether Murphy is receiving the appropriate amount of long term disability benefits. It is the plan, and not the agreement between the parties, that defines the manner in which Murphy's monthly disability benefit is calculated. Consequently, Murphy's claims against Reliance are more properly characterized as a denial of benefits claim under Section 502(a), and removal of this action from state court was proper. In light of the court's finding that Murphy's claim is a denial of benefits claim under ERISA, it is not necessary to address Murphy's and Reliance's arguments concerning "conflict

preemption." *See Jass*, 88 F.3d at 1491 ("because the claim against PruCare is a § 502(a) denial of benefits claim, "conflict preemption" under § 514 is irrelevant.").

## CONCLUSION AND ORDER

For the reasons stated above, Murphy's motion to remand [#4] this action to state court is DENIED. Reliance's motion to dismiss [#2] is GRANTED WITHOUT PREJUDICE to plaintiff's filing an amended complaint asserting his ERISA claim. Plaintiff is given to file an amended complaint in conformity with this opinion within 21 days. Reliance shall then have 21 days to answer or otherwise plead. This case shall be called for status on November 18, 2004 at 9:30 a.m.

Enter: *[signature]*
JOAN HUMPHREY LEFKOW
United States District Judge

Date: September 24, 2004